**AMERICAN BARGE LINE COMPANY, Inc., Appellant,**

v.

**INDUSTRIAL MARINE SERVICE, Jones & Laughlin Steel Corporation and Pan-Am Southern Corporation, Appellees.**

No. 16948.

United States Court of Appeals Fifth Circuit.

Jan. 30, 1958.

Charles E. Lugenbuhl, Lemle & Kelleher, New Orleans, La., for appellant American Barge Line Co., Inc.

Thomas B. Wheeler, Wheeler, Stewart, Exnicios & Mestayer, New Orleans, La., for Industrial Marine Service.

J. Barbee Winston, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Pan-Am Southern Corp.

Charles E. Lugenbuhl, New Orleans, La., for Jones & Laughlin Steel Corp.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

PER CURIAM.

On the night of December 13, 1952, in the Mississippi River just above Memphis, Tennessee, the Steamer Guadalcanal and its seventeen barge tow was in collision with the consolidated tow of the Motor Vessel Robert R. Gipson and the Motor Vessel James E. Graham, resulting in damage to three barges and their respective cargoes.

This appeal has been taken from three separate interlocutory decrees finding the Guadalcanal solely at fault in the collision.

The appellant, American Barge Line Company, assailing the findings and decree of the district court as unwarranted, is here assigning three errors.[1]

Completely mindful of its obligation to show that the findings and conclusions are clearly erroneous and of the difficulties in the way of doing so, appellant makes a valiant effort to discharge its obligation.

Challenging as erroneous the district judge's action in crediting the testimony of Captain Neff of Industrial Marine Service, Inc. and discrediting that of Captain Philpott of the American Barge Line, Inc. as to the facts of the collision, appellant places its main reliance on its claim that the Mississippi River at the point of collision is a narrow channel and that the Graham-Gipson flotilla violated the "Narrow Channel Rule" by shoving up into a narrow and dangerous bend instead of holding back below it.

The Industrial Marine Service, pointing to the specific and complete findings of the district court and the evidence in the record supporting them, insists that there is no basis in law or fact for the

---

1. (1) The Court erred in concluding that the Guadalcanal was at fault.

    (2) The Court erred in failing to conclude that the Graham-Gipson flotilla was solely at fault for the collision.

    (3) The Court erred in concluding that the Graham-Gipson flotilla did not violate the "Narrow Channel Rule."

claim that the trial judge's findings and conclusions were clearly erroneous.

We agree that this is so, and because the district judge in his opinion has fully and correctly found the facts and has fully and correctly canvassed and stated the applicable law, we will content ourselves with saying that we are in full agreement with his excellent opinion [2] and on its authority affirm the decree.

Affirmed.

2.   Industrial Marine Service v. American Barge Line Co., Inc., 152 F.Supp. 555.